[No. 24717. Department Two. February 16, 1934.]
HANS THOR JENSEN, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

The *Attorney General, Browder Brown,* Assistant, and *Dorothee Scarbrough,* for appellant.

*Vanderveer & Bassett,* for respondent.

TOLMAN, J.—The respondent was injured on November 17, 1931, while engaged in extrahazardous employment. The department, after paying time loss up to July 8, 1932, closed his claim with an award of ten degrees, or three hundred dollars, for permanent partial disability. The claimant appealed to the joint board. Evidence was received, including that of a physician who fixed the claimant's permanent partial disability at thirty degrees. A further physical examination of the claimant was ordered by the board, and thereafter the joint board approved the order of the supervisor. The claimant thereupon appealed to the superior court, and on the trial there the depart-

[1]Reported in 29 P. (2d) 743.

ment presented a medical witness who had treated the claimant and was familiar with the entire history of the case, whose testimony tended to support the action of the department.

In rebuttal, respondent called a physician who had examined him at a time subsequent to the hearing before the joint board, who gave testimony to the effect that the respondent was, by reason of his injuries, totally disabled except for walking, though he did not testify that the total disability was permanent. Respondent also testified upon rebuttal.

Thus we have the sworn testimony of three physicians in the record. Of these, the testimony of one fully supports the order of the department. One whose testimony was taken by the joint board wholly supports the results arrived at by the trial court, and the third testified to a total disability, but did not say whether it was temporary or permanent.

The trial court saw and heard two of these physicians testify, one on each side, and also saw and heard the respondent. Under these circumstances, we cannot say that the court was wrong in finding that the respondent had fully met the burden which the statute places upon him to overcome the *prima facie* presumption of the correctness of the departmental decision.

Questions of fact only are raised here, and since we cannot say that the testimony in any wise preponderates against the facts found by the trial court, the judgment must be, and it is, affirmed.

BEALS, C. J., BLAKE, GERAGHTY, and MITCHELL, JJ., concur.